UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY



MALIK WILLIAMS,

    Plaintiff,

v.                                  CIVIL ACTION NO. 5:19-cv-00629

JASON WEAVER,

    Defendant.

## SUMMARY BRIEF UPDATE, ADDITIONAL DEFENDANT & REQUEST FOR HEARING

### I. Introduction

In October 2018, Malik Williams ("The Plantiff") was sexually assaulted at the Beckley West Virginia Federal Correctional Institution by a high-ranking BOP staff member who was in charge of the RDAP program, named Jason Weaver (the "Defendant"), who is now deceased (Defendant committed suicide exactly 6 months after this event; and 4 months after a formal investigation of this event was brought by Beckley West Virginia FCI Office of Internal Affairs. Please see Exhibit A, which is the obituary of Jason Weaver). Mr. Williams reported this incident after fear of BOP backlash and because Mr. Weaver threatened him on several occasions using words "you're gonna be here another year!" (which implied that he was going to fail him out of the program if he didn't comply with his sexual advanced) as well as "how bad do you want to pass [this course]?" (which implied that if he complied [sexually] that he would possibly be allowed to graduate from this prominent course that allows inmates one year off of

their sentence). This civil litigation matter represents one of the many flaws that are involved with not only the criminal justice system, but the Federal BOP, as well as Mr. Williams entire incarceration.

This matter was reported as a PREA charge by Mr. Williams against Mr. Weaver in December 2018 to [insert the psych name] while Mr. Williams was put in the SHU (Special Housing Unit) for six (6) months and suffered severe mental issues due to his isolation in the SHU for a period TWICE as long as the recommended time frame for a person to be placed in the SHU. He is now diagnosed as schizophrenic and is on three (3) medications that are all meant to assist him with the "five voices he now hears in his head" (referring to Mr. Williams). The psychologist this was reported to was entirely dismissive of the sexual assault against Mr. Williams as can be seen in Exhibit B, which is the very minor write-up about this matter. Given that he is a man, as well as an "inmate", he was not given a proper investigation by staff.

Mr. Williams has been given the run-around since this entire process began. As you can see in Exhibit C, the Plaintiff requested his PREA report and subsequent emails that were saved by the BOP, via the Freedom of Information Act. On December 21, 2018 it was stated that they would be helpful and look into this matter with him. Exhibit C is not just an introductory and template response. It specifically addresses the matter at hand and cites the exact items that he is looking for. Specifically, it makes it appear as if this information is readily available and it won't be a problem to obtain it. Moving forward only eight (8) days to December 29, 2018 and the help that Mr. Williams desperately needed disappeared in a very skeptical way as you can see in Exhibit D, which shows the second reply to Mr. Williams' Freedom of Information Act whereby they stated that:

a) They cannot help Mr. Williams given the fact that the victim is deceased. While the entire response is very cryptic, it specifically mentions "death records." Mr. Williams did not request anything regarding Mr. Weaver's passing. That was already public information as shown above in Exhibit A. They simply used this as a bureaucratic roadblock to derail Mr. Williams from obtaining the critical report that he needs to prove that he was sexually assaulted. They are merely trying to cover this up and we refuse to let this happen.

b) The email cop-out request to the staff member is "no longer available" as it "could not be retrieved" because it was "deleted." Your Honor - I implore you to ask the Defendant (the only surviving one - the BOP): How do they have the audacity to delete an email that is pertinent information to this case when they are required by law to keep all emails on their servers for a period of no less than 5 years? While the information is deleted from the inmate's inbox after 180 days (6 months), the Federal BOP has a long-standing policy that requires them to keep all emails given legal purposes for a period of 5 years. The Plaintiff is well within the time-frame for receipt and this is unacceptable behavior on behalf of the surviving Defendant. This is crystal clear proof that there is a cover-up involved in this case. We ask that the Court remedy the situation by adhering to our requests below.

## II. Request to Court

We hereby are requesting the court do four (4) things in this matter:

1) Add the Federal BOP as a Defendant in this civil lawsuit. It is very clear in the evidence presented initially via the Plaintiff's initial Complaint for Violation of Civil Rights and in this summary brief, that the BOP is dually liable and responsible in this case. The legal reasons for this are:

      a) The incident took place on BOP property.

      b) The incident involved a high-ranking BOP staff member.

      c) The incident was largely dismissed by other BOP staff members in a consistent cover-up attempt.

      d) Defendant Weaver killed himself on BOP property 4 months after this incident was brought to light by Mr. Williams.

2) Expedite this case. Given the severity of this matter, we hereby request a resolution within the next 30 days. Mr. Weaver is deceased and the culpability of the BOP is blatantly clear. Mr. Williams is, as of two days from today on April 1st 2021, a free man who will be on supervised release for the next 3 years. He is in desperate need of the monetary award (see point 3 below because he is now returning to society as a victim of sexual abuse in the penial system). He needs help today, not tomorrow. This case has been pending for 2.5 years now with absolutely no movement. This Court needs to expedite this matter by:

      1) Promptly serving this paperwork to the [BO.] as they are the only surviving Defendant; and,

      2) Promptly ruling on this case in Mr. Williams favor given the proof of the evidence provided herein.

3) Increase the amount of punitive damages requested to $4.5 million. The reason for the $1.5 million increase is due to the fact that Mr. Williams now needs to seek comprehensive psychological treatment and is now uncomfortable being around other men, which precludes him from seeking employment at over 99.9% of places in the United States. The mere interaction with other men, especially white men, causes him instantaneous mental impacts including:

        a) Anxiety attacks; and,

        b) Severe bouts of depression with suicidal tendencies

He is a true victim in this case and he needs to now be able to ensure that he is able to pay his bills for the remainder of his life, given his inability to work. As you can see from the case of Jane Doe 2 v. County of Santa Barbara United States District Court, Central District of California, Case No. 2:20-CV-08195, Mr. Williams is entirely deserving of this amount, given the severity of the matter. In the above cited case, the Plaintiff/Victim was awarded a LARGER amount of punitive compensation for LESS severe circumstances. Mr. Williams is not an opportunist. He is simply a victim of several of the many perils associated with mass incarceration, and he is owed by this Court proper civil justice in the form of a monetary award in the aforementioned amount.

    4) Subpoena the BOP for the PREA report that was denied to Mr. Williams. In that document, the entire case and the proof needed is evident. Your Honor - Defendant Weaver was clearly so humiliated and guilty, regardless. It becomes an open and shut case as it is evident that Mr. Williams was assaulted, degraded, intimidated, bullied, and threatened. We humbly request that the Court requests this information given Exhibit C and Exhibit D clearly show that Mr. Williams is being denied his constitutional right to the pertinent information he is due. It is only right that the Court seeks the truth in this matter, given that the government has a history of blatantly distorting the facts and hiding the truth as it relates to this horrendous case.

### III. Conclusion

Your Honor, this is a severe matter. Mr. Williams is not just another inmate. He is a human being with a bright future. His goal right now is to be self-employed working with close

friends and family he can trust. Given his mental health situation, this is the only avenue possible for him. But, Mr. Williams release plan is positively unlike any other. Mr. Williams used his time in prison wisely and is planning to create two mobile applications that are being built by a well-known company in the industry who received Mr. Williams' letters during his incarceration and attempted to help him by giving him information on how the entire process. It is truly a powerful story and one that shows the power of people helping people. We ask that this Court be a part of the positive side of this story as well. The Court has the ability to rule in Mr. Williams' favor within 30 days so that he can begin his life again by seeking the medical and mental health treatment that he needs.

While this Court has not seen any updates on this case since Mr. Williams' status update request in February 2021, there has been no action to date. We truly believe that this summary brief, addition of a new defendant, and a request for a hearing will pave the way for a successful verdict in this case for Mr. Williams. It is time for the system to stop taking advantage of vulnerable young black men and instead empower them by showing them that this type of institutional "power-play" behavior exhibited by both Jason Weaver and the BOP will not be tolerated. Black men who are currently or formally incarcerated should not have to live in fear any longer, and this Court can ensure that this becomes a reality by setting a proper precedent today.

Signed today March 30, 2021 by:

**/s/ Malik Williams, 55348-039**

Malik Muhammad Abdullah Williams

*Pro Se Litigant*





# Jason Ryan Weaver

March 6, 1985 - April 5, 2019

Jason Ryan Weaver, 34, of Beaver, passed away Friday, April 5, 2019.

Born March 6, 1985, he was the son of Allen and Carol Johnson Weaver of Beaver.

Jason was a psychologist for FCI Beckley.

In addition to his parents he is survived by his wife, Jessica Anne Snow; sister, Angela Barker of Winfield, WV; brother, Kenneth Weaver of Milton, WV; mother and father-in-law, Mary Jo and Mike Snow; brother-in-law, Joshua Snow and several nieces and nephews.

Friends may visit with the family from 5-7 p.m. Thursday, April 11 at Calfee Funeral Home. A celebration of Jason's life will follow at 7 pm with Pastor Brian Copney officiating.

The family requests that in lieu of flowers memorial contributions be made to West Virginia Public Radio at www.wvpublic.org.

Online condolences may be left at www.calfeefh.com.

Arrangements by Calfee Funeral Home.

## Guestbook

3 posts

| | | | | | | |
|---|---|---|---|---|---|---|
| Inmate Name: | WILLIAMS, MALIK MUHAMM ABDULL | | | | Reg #: | 55348-039 |
| Date of Birth: | 12/16/1992 | Sex: | M | Facility: BEC | Unit Team: | OAK |
| Date: | 12/18/2018 14:50 | Provider: | Fultz, Lauren PsyD | | | |

### Comments

**Identifying Information:**
Mr. WILLIAMS is a 26 year old black male from MI. He is currently serving a 57 month sentence for Possession with Intent to Distribute a Quantity of Heroin and a Quantity of Cocaine Base. His PRD is 09.22.2020.

**Reason for Referral:**
The Chief Psychologist was notified by phone at approximately 3:15 PM on 12.17.2018 about a potential sexually abusive act by staff. In the role as psychologist and trained victim advocate, this writer met with inmate WILLIAMS at approximately 2:30 PM on 12.18.2018. The interview occurred in a private are of the SHU and lasted for approximately 15 minutes.

**Findings:**
Today, WILLIAMS indicated that at some point in October 2018, after he moved onto the RDAP unit, he was called into the DAPC's office to discuss his eligibility for the 3621e sentence reduction. He indicated that during this private meeting in the DAPC's office, the DAPC attempted to "bribe me with the time off." Specifically, he alleges that the DAPC asked him if he "wanted the time off" and asked "what I was willing to do for it." WILLIAMS indicated he said he "would do whatever it takes." At that point, WILLIAMS alleges that the DAPC then asked WILLIAMS to "pull out my penis." He denied any physical contact occurred at the time. Instead, WILLIAMS asserts that the DAPC "just wanted to see it." He indicated that he "did not know the DAPC was gay," but indicated "he must be if he wanted me to do that." He denied any other inappropriate contact with the DAPC, or any other staff member on the unit.

WILLIAMS further asserts that he wrote a letter to his family "to let them know what happened to me" but alleges that because he did not receive a response, he believes the DTS staff prevented his letter from getting to his family to "protect that cult they have going on over there." He also reported having contacted the Regional Director by phone to report he had been "mistreated" by RDAP staff, but indicated he never "went into details" in his previous report. Asked why he waited until today to report the alleged abuse, he indicated he feared reprisal from the DAPC. However, it should be noted that he was expelled from RDAP yesterday for possession of contraband was reportedly angry at the DAPC. He was then placed in SHU, and made an allegation of staff misconduct.

**Mental Status and Mental Health History:**
Inmate is a care level ONE. No history of mental health issues noted in the PSR or PDS/BEMR.

**Notifications:**
Appropriate notifications were made in accordance with policy.

**Inmate's Interest in Treatment:**
WILLIAMS denied any interest in psychology services related to his current assertions. While in SHU, he requested puzzles, or other materials to keep him occupied.

**Conclusion:**
Due to his lack of reported distress, follow up with psychology is not warranted at this time. However, he was made aware of how to contact psychology services in the future, should the need arise. No recommendations are offered at this time for any work assignments. However, due to his allegations against staff, he should not return to the RDAP unit or to RDAP programming at this facility. He was encouraged to seek substance abuse treatment in the future, to include another RDAP, or participation in the non-residential program. The full response protocol was not enacted based on the PREA Program Statement 5324.12 and therefore a rape kit was not needed.




U.S. Department of Justice
Federal Bureau of Prisons

Northeast Regional Office
U.S. Custom House
2nd & Chestnut St., 7th Floor
Philadelphia, PA 19106

December 21, 2020

Malik Williams, Reg. No. 55348-039
FCI Fort Dix
PO Box 1000
Joint Base MDL, NJ 08640

Dear Mr. Williams:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request. Your request has been assigned a number and forwarded to the processing office noted below. Please make a note of the request number and processing office as you will need to include it in any correspondence or inquiry regarding your request. A copy of the first page of your request is attached to help you more easily keep track of your request.

FOIA/PA Request Number:    2021-01575
Processing Office:    NER

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.

We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review, and/or your request requires consultation with at least one other agency with a substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request for the ten additional days provided by the statute. Processing complex requests may take up to nine months. Pursuant to 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount. At that time, you will have the option to

reformulate your request to reduce the fees. If you requested a fee waiver, we will make a decision whether to grant your request after we determine whether fees will be assessed for this request.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, please feel free to contact the NER at 215-521-7391 or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750 or 320 First Street NW, Suite 936, Washington DC 20534.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Lee-Anne Eichensehr
Government Information Specialist

Hello, My name is Malik Williams I'm currently at FCI Fort Dix, in I would like a copy of the PREA report I put on Jason Weaver a staff member at FCI Beckley in the Month of December, 2018 using the Electronic Message to Staff: DOJ Sexual Abuse Reporting Mailbox. I would like to also recieve the messages I sent to the Assitant Regional Director Ms. Angela Dunbar. My release date is near so If I'm not here can you please send it to my home confinement address 31725 Annapolis st Wayne, M.I. (zip) 48184 please and Thank you.

**Received**

DEC 18 2020

FOIA/PA Section
Federal Bureau of Prisons



**U.S. Department of Justice**
**Federal Bureau of Prisons**

Northeast Regional Office
U.S. Custom House
2nd & Chestnut St., 7th Floor
Philadelphia, PA 19106

December 29, 2020

Malik Williams, Reg. No. 55348-039
FCI Fort Dix
PO Box 1000
Joint Base MDL, NJ 08640

FOIA Request Number: 2021-01575

Dear Mr. Williams:

This is in response to the above referenced Freedom of Information Act (FOIA) request. Specifically, you request a copy of the report you submitted on a targeted individual in December of 2018.

To the extent non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of records would invade another individual's personal privacy. See 5 U.S.C. § 552(b)(6) Additionally, to the extent non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy See 5 U.S.C. § 552(b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records.

Additionally, you requested a copy of all the emails you sent to Assistant Regional Director, Angela Dunbar. Staff were unable to locate any responsive records. Please be advised staff have searched all locations where responsive records could reasonably be found. There are no areas remaining to be searched that would likely render responsive records.

If you have questions about this response, please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750 or 320 First Street NW, Suite 936, Washington DC 20534.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G St., NW, 6th Floor, Washington, DC 20530. Your appeal must be postmarked within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Darrin Howard
Regional Counsel

USPS Priority Mail label

- Priority Mail 3-Day®
- US Postage Paid: $11.15
- Origin: 21933, 03/30/21, 2371460903-04
- 0 Lb 3.70 Oz
- 1006
- C014
- Expected Delivery Day: 04/03/21
- SHIP TO: 110 N HEBER ST, STE 119, Beckley WV 25801-4552
- USPS Signature Tracking #: 9510 8122 6166 1089 0454 93
- EP14F Oct 2018  OD: 12 1/2 x 9 1/2



FROM:
c/o Malik Williams
5756 Hartford + Panthville Rd.
Fort Dix, New Jersey
08640

TO:
Clerk, Robert C. Byrd
U.S. Courthouse
110 North Heber Street,
Room 119
Beckley, West Virginia
25801